IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WILLIAM C. COOK,**

    **Plaintiff,**

**v.**                                             **Civil Action No. 3:24-cv-434**

**VA POWHATAN 60, LLC,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant VA Powhatan 60, LLC's ("VAP60") Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss" or "Motion").[1] (ECF No. 4.) Plaintiff William C. Cook responded in opposition to the Motion, (ECF No. 7), and VAP60 replied, (ECF No. 9).

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid in the decisional process. As a result, the Court will deny VAP60's Motion to Request Hearing. (ECF No. 11.)

For the reasons articulated below, the Court will deny the Motion. (ECF No. 4.)

### I. Factual and Procedural Background[2]

Mr. Cook owns and lives at 2168 Urbine Road, Powhatan, Virginia ("the Cook Property"). (ECF No. 1-4, at 3 ¶ 1.) Defendant VAP60 is a South Carolina limited liability

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

[2] In considering the Motion to Dismiss, (ECF No. 4), the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most

company. (ECF No. 1-4, at 3 ¶ 2.) Mr. Cook brings this action against VAP60 for trespass caused by VAP60 diverting "water onto the Cook Property." (ECF No. 1-4, at 4 ¶ 7.)

### A. Factual Allegations

By a deed dated September 30, 2021, VAP60 "acquired two parcels of real property located in the County of Powhatan, Virginia . . . ('the VA Powhatan Property')." (ECF No. 1-4, at 3 ¶ 3.) The VA Powhatan Property is adjacent to the Cook Property, touching its eastern boundary. (ECF No. 1-4, at 3 ¶ 4.) VAP60 acquired the Va Powhatan Property for commercial development. (ECF No. 1-4, at 3 ¶ 3.)

Mr. Cook describes VAP60's actions taken during its commercial development of the VA Powhatan Property as "careless" "unreasonable", and "unnecessar[y]". (ECF No. 1-4, at 3–4 ¶¶ 5, 7.) While constructing two commercial structures on the VA Powhatan Property, VAP60:

> (1) stripped the land of virtually all vegetation; (2) did extensive regrading of the property; (3) changed the elevation of the property by bringing in additional fill dirt; (4) failed to develop the property in conformance with the approved site plan and specifications; [(5)] failed to utilize proper drainage controls; and [(6)] significantly altered the flow of surface and storm water off of its property.

(ECF No. 1-4, at 3–4 ¶¶ 5–6.) In so doing, VAP60 directed "surface and storm water, including sediment and silt, onto the Cook Property." (ECF No. 1-4, at 3–4 ¶ 5.) This damaged the Cook Property, reduced its value, and interfered with Mr. Cook's exclusive possession of it. (ECF No. 1-4, at 4 ¶¶ 5, 10.) Mr. Cook has repeatedly raised these issues to VAP60, but VAP60 has failed to successfully remedy Mr. Cook's concerns. (ECF No. 1-4, at 4 ¶¶ 8–9.)

---

favorable to Mr. Cook. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

B. **Procedural Background**

On June 9, 2023, Mr. Cook filed a Complaint against VAP60 in the Circuit Court for the County of Powhatan.[3] (ECF No. 1-1, at 1.) As relief, Mr. Cook requests: (1) "that the Court temporarily and permanently enjoin [VAP60] from directing and diverting surface and storm water onto his property"; (2) $150,000 in compensatory damages plus interest and costs, including attorney's fees; and (3) any other relief as necessary. (ECF No. 1-4, at 4–5.)

On February 9, 2024, Mr. Cook filed a Motion for Leave to Amend Complaint in the Powhatan Circuit Court, attaching a proposed Amended Complaint. (ECF No. 1-4, at 1–5.) On May 24, 2024, the Powhatan Circuit Court granted the Motion for Leave to Amend. (ECF No. 1-8, at 1.)

On June 12, 2024, nineteen days after the Powhatan Circuit Court granted leave to amend, VAP60 properly removed Mr. Cook's case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1).[4] (ECF No. 1, at 1, 6); *see In re: Lumber Liquidators Chinese-*

---

[3] In Mr. Cook's Motion for Leave to Amend Complaint, Mr. Cook writes that he filed his initial Complaint with the Powhatan Circuit Court on November 16, 2021. (ECF No. 1-4, at 1.) Mr. Cook's initial Complaint, however, bears a case number from 2023. (ECF No. 1-2, at 1.) Consistently, the docket sheet for the Powhatan Circuit Court proceeding lists an initial filing date of June 9, 2023. (ECF No. 1-1, at 1.) Additionally, both VAP60's Memorandum in Support of its Motion and Mr. Cook's Opposition state that Mr. Cook filed his initial Complaint on June 9, 2023. (ECF No. 5, at 1; ECF No. 8, at 1.) The Court construes Mr. Cook's reference to November 16, 2021 as a scrivener's error.

[4] 28 U.S.C. § 1332(a)(1) provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States[.]

28 U.S.C. § 1332(a)(1).

3

*Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 115cv02639 (AJT), 2015 WL 12516789, at *1 (E.D. Va. Oct. 22, 2015) (an Amended Complaint does not become a basis for removal until it becomes an operative pleading, which occurs, at the earliest, when a court grants a plaintiff's motion to amend.)

On June 13, 2024, VAP60 timely filed the Motion to Dismiss. (ECF No. 4.) Mr. Cook responded, (ECF No. 7), and VAP60 replied, (ECF No. 9).

For the reasons articulated below, the Court will deny the Motion.

## II. Standard of Review

### A. Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted). The court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty, Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (concluding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011))).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Rule 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 570 (citations omitted).

### III. Analysis

In its Motion, VAP60 asks the Court to dismiss this case on the following grounds: (1) Mr. Cook fails to state a claim for trespass; and, (2) Mr. Cook fails to state a claim for an

5

injunction. (ECF No. 5, at 4–7.)[5] Accepting Mr. Cook's factual allegations as true and drawing all reasonable inferences in his favor, as the Court must do at the motion to dismiss stage, Mr. Cook states a claim for trespass. The Court will deny the Motion to Dismiss. (ECF No. 4.)

### A. Mr. Cook States a Claim for Trespass

Mr. Cook's Amended Complaint contains sufficient facts to state a claim for trespass. He alleges that VAP60 took the following actions when developing its property:

> (1) stripped the land of virtually all vegetation; (2) did extensive regrading of the property; (3) changed the elevation of the property by bringing in additional fill dirt; (4) failed to develop the property in conformance with the approved site plan and specifications; [(5)] failed to utilize proper drainage controls; and [(6)] significantly altered the flow of surface and storm water off of its property.

(ECF No. 1-4, at 3–4 ¶¶ 5–6.) In so doing, VAP60 directed "surface and storm water, including sediment and silt, onto the Cook Property." (ECF No. 1-4, at 4 ¶ 5.) These allegations provide sufficient "factual enhancement . . . to cross the line between possibility and plausibility of entitlement to relief." *Francis*, 588 F.3d at 193 (quotation marks and citation omitted); *see Kurpiel v. Hicks*, 731 S.E.2d 921, 926 (Va. 2012) (plaintiff stated claim for surface water trespass by listing numerous specific acts, including the stripping of virtually all vegetation and extensive regrading of land, that flooded her property with storm water).

### 1. Legal Standard: Trespass Caused by Surface Water

"[A]n action for common law trespass to land derives from the 'general principle of law [that] every person is entitled to the exclusive and peaceful enjoyment of his [or her] own land, and to redress if such enjoyment shall be wrongfully interrupted by another.'" *Kurpiel*, 731 S.E.2d at 925 (first brackets in original) (quoting *Tate v. Ogg*, 195 S.E. 496, 498 (Va. 1938)). To state a claim for trespass under Virginia law, a plaintiff must establish: "(1) [he or she] had

---

[5] As explained in Section III.B, an injunction is a remedy and not a cause of action.

possession of the affected land at the time of the trespass, (2) there was a physical invasion that interfered with the right of exclusive possession, and (3) the invasion was the direct result of some act committed by the defendant." *Bell v. WestRock CP*, LLC, No. 3:17-cv-829 (JAG), 2019 WL 1874694, at *4 (E.D. Va. Apr. 26, 2019) (citing *Cooper v. Horn*, 448 S.E.2d 403, 406 (Va. 1994)); *see also Kurpiel*, 731 S.E.2d at 925.

In the context of a trespass claim involving the diversion of surface water, "Virginia applies a modified common law rule." *Collett v. Cordovana*, 772 S.E.2d 584, 587 (Va. 2015). Common law defines surface water "as water diffused over the surface of the ground . . . until it reaches some well[-]defined channel." *Id.* (internal quotation marks and citation omitted). "Under the modified common law rule, surface water is a common enemy, and each landowner may fight it off as best he [or she] can, provided he [or she] does so reasonably and in good faith and not wantonly, unnecessarily or carelessly." *Id.* (quotation marks, internal quotation marks, and citation omitted). Thus, a defendant is not liable for trespass where he or she, "in the reasonable development of [the] property," merely graded the property or constructed a building on it. *Id.* (citing *Mason v. Lamb*, 53 S.E.2d 7 (Va. 1949) and *Harris Motor Co. v. Pulaski Furniture Co.*, 144 S.E. 414 (Va. 1928)).

A plaintiff adequately pleads surface water trespass when providing specific facts that the defendant carelessly, wantonly, and unnecessarily developed the property in violation of the modified common law rule applicable to surface water. *Compare Kurpiel*, 731 S.E.2d at 926 (plaintiff stated claim for trespass by listing numerous specific acts, including defendant's stripping of virtually all vegetation and extensive regrading of land, that flooded her property with storm water) *with Collett*, 772 S.E.2d at 588 ("Because the only facts in this case indicate that the defendants dumped gravel and/or put down mulch, [Plaintiff] failed to plead any facts

7

from which one could conclude that the defendants acted recklessly or carelessly in modifying their properties.") "Whether the actions taken by the [defendant] in developing [his or her] property were in fact reasonable, in good faith and not wanton, unnecessary or careless, is a factual question to be decided by the fact finder, not a question of law to be decided on [a motion to dismiss]." *Kurpiel*, 731 S.E.2d at 926 284 Va. at 356 (citation omitted).

### 2. Mr. Cook Provides Sufficient Facts to State a Claim for Trespass

Mr. Cook's Amended Complaint contains sufficient facts to state a claim for trespass. He alleges that VAP60 took the following actions when developing its property:

> (1) stripped the land of virtually all vegetation; (2) did extensive regrading of the property; (3) changed the elevation of the property by bringing in additional fill dirt; (4) failed to develop the property in conformance with the approved site plan and specifications; [(5)] failed to utilize proper drainage controls; and [(6)] significantly altered the flow of surface and storm water off of its property.

(ECF No. 1-4, at 3–4 ¶¶ 5–6.) In so doing, VAP60 directed "surface and storm water, including sediment and silt, onto the Cook Property." (ECF No. 1-4, at 3–4 ¶ 5.) These allegations provide sufficient "factual enhancement . . . to cross the line between possibility and plausibility of entitlement to relief." *Francis*, 588 F.3d at 193. Mr. Cook's allegations are much more specific than those provided in *Collett*, *see* 772 S.E.2d at 588, and are more analogous to those provided in *Kurpiel*, *see* 731 S.E.2d at 923, particularly the allegations that VAP60 "stripped the land of virtually all vegetation", "did extensive regrading of the property", "changed the elevation of the property", and "failed to utilitze proper drainage controls." (ECF No. 1-4, at 4 ¶ 6.) Whether VAP60's actions "were in fact reasonable, in good faith and not wanton, unnecessary or careless, is a factual question to be decided by the fact finder, not a question of law to be decided on [motion to dismiss]." *Kurpiel*, 731 S.E.2d at 926. As a result, Mr. Cook plausibly states a claim of trespass at this stage.

8

### B. Injunctive Relief is Not a Cause of Action

In its briefing, VAP60 argues that Mr. Cook's Amended Complaint "fails to state a valid claim for an injunction." (ECF No. 5, at 6; *see also* ECF No. 9, at 4.) In his Opposition, Mr. Cook does not address this argument. (*See generally*, ECF No. 8.) "'[I]njunctive relief is a remedy and not a cause of action." *Bloch v. Exec. Off. of the President*, 164 F. Supp. 3d 841, 862 (E.D. Va. 2016) (quoting *Dwoskin v. Bank of Am.*, 850 F.Supp.2d 557, 573 (D. Md. 2012)). Where a remedy such as an injunction is improperly pled as a cause of action, it must be dismissed. *See Bloch*, 164 F. Supp. 3d at 862–63. However, despite VAP60's suggestion to the contrary, the Court does not construe the Amended Complaint to frame its request for an injunction as a separate cause of action.

## IV. Conclusion

For the reasons articulated above, the Court will deny the Motion. (ECF No. 4.)

An appropriate Order shall issue.

Date: 1/21/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

9